**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

THIEU NHU CHO,

Plaintiff,

Case No. 9:21-cv-80753

v.

AVANTEUSA, LTD. and
CASCADE CAPITAL FUNDING, LLC,

Defendants.
_______________________________________/

# COMPLAINT

**NOW COMES** Thieu Nhu Cho ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of AvanteUSA, Ltd. ("Avante") and Cascade Capital Funding, LLC ("Cascade") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Florida, Defendants conduct business in the Southern District of Florida, and

a substantial portion of the events or omissions giving rise to the claims occurred within this District.

5. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

6. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Florida.

7. Avante is a third-party debt collection agency headquartered at 3600 S. Gessner Road, Suite 225, Houston, Texas 77063. Avante's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Florida.

8. Cascade a debt purchaser whose principal purpose of business is to purchase consumer accounts and subsequently collect upon those defaulted accounts, both directly as well as through Avante. Cascade is headquartered at 5341 Old Redwood Highway, Suite 210, Petaluma, California 94954.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. In January 2018, Plaintiff incurred a medical debt ("subject debt") billed by Sterling Medical Services ("Sterling").

11. Plaintiff filed a personal injury lawsuit for the events that caused Plaintiff to incur the subject debt.

12. Plaintiff informed Sterling of the personal injury lawsuit when it was first filed.

13. The subject debt remained unpaid and fell into default status for the duration of Plaintiff's personal injury case.

14. In November 2020, Plaintiff's personal injury case settled and Plaintiff's medical bills, including the subject debt, were to be paid as a condition of the settlement.

15. Unfortunately, the subject debt was not paid off as required by the personal injury settlement.

16. Subsequently, ARC Management Group, LLC ("ARC"), a debt collector, began reporting the subject debt on Plaintiff's credit reports, causing her score to drop.

17. Plaintiff called ARC on December 7, 2020, and paid off the subject debt in full, thereby relieving Plaintiff of all contractual liabilities on the subject debt.

18. After making her payment, ARC informed Plaintiff that the subject debt account was settled and closed.

19. ARC also mailed Plaintiff a letter dated December 14, 2020, which stated "the above account was settled in full on 12-07-20."

20. In or around April 2021, Defendants acquired the rights to collect the subject debt and initiated collection activity against Plaintiff.

21. Despite Plaintiff's payment in full, Defendants mailed or caused to be mailed to Plaintiff a collection letter dated April 9, 2021, attempting to collect upon the subject debt ("collection letter").

22. Specifically, Defendants' collection letter sought to collect a balance of $1,541.00 despite Plaintiff no longer owing the subject debt.

23. Plaintiff was perplexed and concerned as to why Defendants had mailed her a collection letter 4 months after the subject debt was paid off since she did not owe the subject debt at the time Defendants mailed the collection letter.

24. On April 19, 2021, Plaintiff called Avante and asked if Defendants would report the subject debt on her credit reports. Avante's representative replied, "Not yet."

25. Plaintiff was concerned because Avante's representative implied that Defendants would report the subject debt on Plaintiff's credit reports.

26. Defendants' illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, nervousness, high blood pressure, and anxiety as Plaintiff was led to believe she still owed the subject debt even after she paid it in full.

27. Concerned about the violations of her rights and Defendants' misrepresentations, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendants to cease their unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendants are "debt collector[s]" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

31. Moreover, Defendants are "debt collector[s]" because they acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

32. Defendants used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendants violated 15 U.S.C. §1692e, e(2), e(5), e(10), f, and f(1) through their unlawful debt collection practices.

**a. Violations of FDCPA §1692e**

34. Defendants violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendants mailed the collection letter to Plaintiff.

35. Defendants violated §1692e(2) when they falsely misrepresented the character, amount, or legal status of the subject debt. Defendants mailed the collection letter to Plaintiff despite Plaintiff not owing the subject debt, which had previously been paid in full on December 7, 2020. Defendants knew or should have known that Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge of the same, Defendants continued to collect the subject debt.

36. Defendants violated §1692e(5) by threatening to credit report the subject debt in the future despite the fact that the subject debt was paid in full and no longer owed by Plaintiff. Defendants could not report the subject debt because of its legal status, but still Defendants' representative implied that Defendants would and could report the subject debt in the future.

37. Defendants violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendants led Plaintiff to believe she still owed a debt that she did not truly owe, thus hoping to drive Plaintiff to make yet another payment.

**b. Violations of FDCPA §1692f**

38. Defendants violated §1692f by unfairly and unconscionably mailing Plaintiff the collection letter 4 months after the subject debt had been paid in full in hopes of coercing her into paying a debt she did not owe.

39. Defendants violated §1692f(1) by attempting to collect an amount not permitted by law, as the subject debt had already been fully settled at the time Defendants mailed Plaintiff the collection letter.

40. As experienced debt collectors, Defendants knew or should have known the ramifications of using unfair, unconscionable, deceptive, and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff THIEU NHU CHO respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

42. At all times relevant to this action Defendants are subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

43. At all times relevant to this Complaint, Defendants were and are "person[s]" as said term is defined under Florida Statute §1.01(3) and are subject to the provision of Fla. Stat. § 559.27

because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

44. At all times material hereto, the subject debt was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

45. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

**a. Violations of the FCCPA § 559.72(9)**

46. A person violates section 559.72(9) of the FCCPA when it asserts the existence of a legal right even though that right does not exist.

47. Defendants violated section 559.72(9) of the FCCPA when they deceptively and misleadingly informed Plaintiff that they could report the subject debt to the credit bureaus even though Defendants knew or should have known they had no legal right to do so. These threats were made with the intention of worrying and confusing Plaintiff so she would make payment on the subject debt despite the fact that she had already paid it in full.

**WHEREFORE**, Plaintiff THIEU NHU CHO respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendants from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 22, 2021

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com